# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GARY L. REINERT, SR.,

    Appellant,

v.

ROGER BOULD, OWEN W. KATZ,
ROBERT SHEARER, P.C., and FRED
MCMILLEN,

    Appellees.

15cv0542
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

Before the Court is an appeal from the United States Bankruptcy Court for the Western District of Pennsylvania filed by a *pro se* Appellant, Gary Reinert, Sr., hereinafter, "Reinert." Doc. nos. 1, 7. Appellee, Owen W. Katz, hereinafter "Katz," filed his Responsive Brief (doc. no. 18) which Appellee, Robert Shearer, P.C., hereinafter "Shearer," joined and adopted. Doc. nos. 20, 23. Appellee, Fred McMillen, hereinafter "McMillen," joined and adopted portions of the Katz Responsive Brief within his own Responsive Brief. See doc. no. 21.

Based on the foregoing law and authority, the Court will uphold the decision of the Bankruptcy Court.

### I. Jurisdiction and Standard of Review

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). A district court sits as an appellate court in bankruptcy proceedings. *In re Michael,* 699 F.3d 305, 308 n.2 (3d Cir. 2012).

The standards of review which apply to this case are as follows:

First, this Court may not disturb the factual findings of a bankruptcy court unless they

are clearly erroneous. *In re Gray,* 558 Fed. Appx.163, 166 (3d Cir. 2014); *see also Accardi v. IT Litig. Trust (In re IT Group, Inc.)*, 448 F.3d 661, 667 (3d Cir. 2006). A factual finding is "clearly erroneous" if the reviewing court is "left with a definite and firm conviction that a mistake has been committed." *In re W.R. Grace & Co.*, 729 F.3d 311, 319, n.14 (3d Cir. 2011); *see also Gordon v. Lewistown Hosp.*, 423 F.3d 184, 201 (3d Cir. 2005). Under the clearly erroneous standard, it is the responsibility of an appellate court to accept the ultimate factual determinations of the fact-finder unless that determination is either (1) completely devoid of minimum evidentiary support displaying some hue of credibility or (2) bears no rational relationship to the supportive evidentiary data." *DiFederico v. Rolm Co.*, 201 F.3d 200, 208 (3d Cir. 2000) (citations omitted).

Second, this Court exercises plenary, or *de novo*, review over any legal conclusions reached by the bankruptcy court. *In re Ruitenberg*, 745 F.3d 647, 650 (3d Cir. 2014); *see also Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999).

Third, if the Bankruptcy Court's decision is a mixed question of law and fact, this Court must break down the determination and apply the appropriate standard of review to each. *In re Montgomery Ward Holding Corp.*, 326 F.3d 383, 387 (3d Cir. 2003). The Court should "apply a clearly erroneous standard to integral facts, but exercise plenary review of the court's interpretation and application of those facts to legal precepts." *In re Nortel Networks, Inc.*, 669 F.3d 128, 137 (3d Cir. 2011) (citation omitted).

Finally, this Court reviews a bankruptcy court's exercise of discretion for abuse. *In re Friedman's Inc.,* 738 F.3d 547, 552 (3d Cir. 2013). A bankruptcy court abuses its discretion when its ruling rests upon an error of law or a misapplication of law to the facts. *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

## II. Procedural and Factual History

### A. Procedural History

This appeal from the Bankruptcy Court began with Appellant filing a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania on July 28, 2014. See docket number GD-14-012883. The case was ultimately removed to the United States Bankruptcy Court for the Western District of Pennsylvania on October 6, 2014 by Katz and Shearer.[1] See doc. no. 1 in adversary proceeding, case no. 14-02204 ("2204") filed in the United States Bankruptcy Court for the Western District of Pennsylvania. This adversary proceeding related to the lead bankruptcy case filed at docket number 11-22840 in the United States Bankruptcy Court for the Western District of Pennsylvania.

The Notice of Removal indicated that the other Defendants, Bould and McMillen, had consented to the removal. The Notice also indicated that Shearer was the Chapter 11 and Chapter 7 interim Trustee in the lead bankruptcy case (see generally, lead docket number 11-22840), as well as the Chapter 11 Trustee and interim Chapter 7 Trustee in the related cases of:

- Power Contracting, Inc., No. 11-22841-JAD;
- MFPF, Inc., No. 11-22842-JAD;
- Metal Foundations, LLC, No. 11-22843-JAD;
- Dressel Associates, Inc., No. 11-22844-JAD;
- Flying Roadrunner, Inc., No. 11-22845-JAD; and
- Grille on 7th, Inc., No. 11-22846-JAD

---

[1] Shearer was the interim Trustee appointed to this matter, and Katz was the interim Trustee's counsel.

3

(hereinafter, the "Related Bankruptcies"). [2]

After removing the matter, Defendants filed Motions to Dismiss the adversary case. On March 12, 2015, the Bankruptcy Court ultimately granted the Motions to Dismiss and the Bankruptcy Court dismissed this adversary proceeding with prejudice. See doc. no. 61 in bankruptcy case no. 14-02204-JAD. Reinert has appealed that decision, and his appeal is what is presently before this Court.

**B. Factual History**

The history of Reinert's bankruptcies is important to the adjudication of this appeal. Reinert, who is proceeding *pro se* with respect this appeal, did not provide a strong factual or procedural background from which this Court may properly consider the issue(s) he raises in his appeal, and thus, the Court takes judicial notice of the above facts.

In addition, this Court finds relevant the following portion of the Bankruptcy Court's Opinion wherein it provided a summation of the factual and procedural history predating the Bankruptcy Court's decision to grant the Motions to Dismiss:

> By prior orders of this Court, Mr. Reinert has been denied a discharge as a result of his failure to cooperate (and his otherwise failure to fulfill the duties reposed in him to this bankruptcy estate) under applicable law including, without limitation, those duties imposed by 11 U.S.C. § 521.
>
> * * *
>
> The record reflects that a prior bankruptcy sale of Mr. Reinert's assets (as well as assets of the Reinert Entities) to an entity known as Metal Foundations Acquisition, LLC ("MFA") was approved by an order of this Court dated November 8, 2011. Mr. Reinert was present at the sale hearing, was represented by legal counsel at the sale hearing, and consented to entry of the sale order and never appealed it.
>
> After the sale to MFA closed, Mr. Reinert's relationship with MFA either

---

[2] These companies set forth above were owned and/or controlled by Reinert, and the Bankruptcy Court collectively referred to them as "the Reinert Entities."

> never materialized or became strained. The consequence of this is that litigation between MFA and Mr. Reinert ensued, in which Mr. Reinert disputed the *bona fides* of the sale of assets to MFA. Those efforts were unsuccessful as this Court, by Memorandum Opinion and Order dated October 15, 2012 (and entered on the docket on October 18, 2012) at Adversary No. 11-2656-JAD, enforced the sale of assets to MFA. This Court's order, findings and conclusions were subsequently affirmed on appeal by the United States District Court at Civil Action No. 2-12-cv-01752-DSC and by the United States Court of Appeals for the Third Circuit at No. 13-4299.
>
> After the District Court affirmed this Court's order enforcing the MFA sale, but before the Third Circuit affirmed it, Mr. Reinert went on the offensive and filed his collateral litigation in the Court of Common Pleas. It is this collateral litigation that is now before this Court.

Bankruptcy docket no. 14-02204-JAD, doc. no. 60, p. 2-4.

This Court also concurs with the Bankruptcy Court's assessment of Reinert's Amended Complaint which gave birth to the adversary proceeding itself:

> A fair reading of the Amended Complaint is that the Amended Complaint is a vehicle by which Mr. Reinert continues his after-the-fact challenges to the MFA sale. The target of Mr. Reinert's lawsuit is not expressly MFA. Rather, the targets are certain professionals who were employed by the bankruptcy estate(s) or were professionals employed by MFA in connection with the bankruptcy sale.

Id., at p. 4.

As noted by the Bankruptcy Court, Reinert sued Shearer, who is the former successor bankruptcy trustee in this case – the initial trustee was Carlota Bohm, who resigned as trustee upon her appointment as a United States Bankruptcy Judge for the Western District of Pennsylvania. Reinert also sued Katz, who was legal counsel to Shearer; McMillan, Reinert's son-in-law and the financial professional employed by the former trustee(s); and Bould, counsel to MFA with respect to the sale of Reinert's assets to MFA.

5

The Court also concurs with the Bankruptcy Court's overall understanding of the allegations set forth in the Amended Complaint as follows:

> While not a model of clarity, Mr. Reinert alleges in his Amended Complaint that the defendants engaged in a coordinated "scam" to deprive the bankruptcy estate(s) of assets, which in-turn prevented Mr. Reinert from reorganizing his affairs and paying creditors in full. See Amended Complaint at ¶ 65.
>
> In support of these allegations, Mr. Reinert appears to allege that the sale to MFA was unreasonable, that the defendants' failed efforts to compromise any challenges to the sale was improper, that conversion of this case to a chapter 7 was improper because the schedules of assets and liabilities on file were fraudulent and because Mr. Reinert allegedly was denied sufficient access to records necessary for him to complete his own bankruptcy schedules. See Amended Complaint at ¶¶ 57, 58, 60, 62, 65-68, and 78-84.
>
> In light of these accusations, Mr. Reinert's Amended Complaint suggests that he is asking that the Court revisit its prior orders relating to the sale to MFA. In addition, Mr. Reinert is asking that the Court award damages in favor of Mr. Reinert and against the defendants under various legal theories such as claims arising under the Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, state law racketeering, and other claims sounding in fraud.

Id., at p. 5.

After considering the Motions to Dismiss that were before it, the Bankruptcy Court determined that the Second Amended Complaint (referred to as "Amended Complaint" in the Opinion quoted above) had to be dismissed as required by the *Barton Doctrine*. The Bankruptcy Court noted that a dismissal pursuant to the *Barton Doctrine* would, typically, be a dismissal without prejudice.

However, the Court went on to consider the Second Amended Complaint under Federal Rule of Civil Procedure, 12(b)(6), standards. In so doing, the Bankruptcy Court first acknowledged that Reinert's Second Amended Complaint was "23 pages long consisting of 186 paragraphs, and multiple exhibits[.]" Id., at p. 12. The Bankruptcy Court also noted that because

6

Reinert was acting *pro se,* the Court held him "to a pleading standard that is less stringent or exacting than what is imposed upon lawyers admitted to the bar of this Court[.]" Id. at p. 13. Despite these accommodations, the Bankruptcy Court still concluded that Reinert's Second Amended Complaint failed to plead any claim for which relief could be granted, and dismissed the Second Amended Complaint with prejudice. Bankruptcy docket no. 14-02204-JAD, doc. nos. 60, 61.

Reinert has appealed this Order (doc. no. 61) as well as the fact that Reinert has not (yet) obtained a bankruptcy discharge. Katz, McMillan, and Shearer have filed Briefs wherein they claim that the Bankruptcy Court did not err in dismissing Reinert's case with prejudice.

### III. Discussion

The issue before this Court is did the Bankruptcy Court err, as a matter of law, in dismissing Reinert's Second Amended Complaint with prejudice.[3] The Court finds that the Bankruptcy Court did not err in dismissing the Second Amended Complaint with prejudice for the reasons set forth herein.

#### A. The Factual Findings of the Bankruptcy Court

As noted above, in the "Standard of Review" subsection of this Opinion, this Court cannot disturb the factual findings of the Bankruptcy Court unless:

> . . . they are "clearly erroneous." *In re Gray*, 558 Fed. Appx.163, 166 (3d Cir. 2014); s*ee also Accardi v. IT Litig. Trust (In re IT Group, Inc.)*, 448 F.3d 661, 667 (3d Cir. 2006). A factual finding is "clearly erroneous" if

---

[3] This Court acknowledges that the Bankruptcy Court also dismissed the Second Amended Complaint in accordance with the *Barton Doctrine,* and such a dismissal typically would be a dismissal without prejudice. However, since the Bankruptcy Court also dismissed Reinert's Second Amended Complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, the dismissal was with prejudice, which was fatal to Reinert's adversary lawsuit. Accordingly, this Court shall begin its analysis with the dismissal with prejudice, ordered pursuant to Rule 12(b)(6).

7

the reviewing court is "left with a definite and firm conviction that a mistake has been committed." *In re W.R. Grace & Co.*, 729 F.3d 311, 319, n.14 (3d Cir. 2011); see also *Gordon v. Lewistown Hosp.*, 423 F.3d 184, 201 (3d Cir. 2005). Under the clearly erroneous standard, it is the responsibility of an appellate court to accept the ultimate factual determinations of the fact-finder unless that determination is either (1) completely devoid of minimum evidentiary support displaying some hue of credibility or (2) bears no rational relationship to the supportive evidentiary data." *DiFederico v. Rolm Co.*, 201 F.3d 200, 208 (3d Cir. 2000) (citations omitted).

See Section "I." above.

With this in mind the Court turns to the Opinion of the Bankruptcy Court. The only factual findings that were made by the Bankruptcy Court in this matter concerned how to interpret what Plaintiff was actually complaining about in his 23-page (186-paragraph) Second Amended Complaint.

To this end, the Bankruptcy Court essentially found that Reinert's Second Amended Complaint averred that Katz, McMillan, and Shearer engaged in a "scam" to "deprive the bankruptcy estate(s) of assets, which in-turn prevented Reinert from reorganizing his affairs and paying creditors in full." Bankruptcy docket no. 14-02204-JAD, doc. no. 60, p.5, citing to Reinert's Second Amended Complaint at ¶ 65. The Bankruptcy Court also found as fact that the Second Amended alleged that "the sale [of Reinert's assets] to MFA was unreasonable, that [Katz, McMillan, and Shearer] failed efforts to compromise any challenges to the sale was improper, that conversion of this case to a chapter 7 was improper because the schedules of assets and liabilities on file were fraudulent and because Mr. Reinert allegedly was denied sufficient access to records necessary for him to complete his own bankruptcy schedules." Id., citing to Reinert's Second Amended Complaint at ¶¶ 57, 58, 60, 62, 65-68, and 78-84.

This Court has conducted its own independent review of the Second Amended Complaint and does not find the Bankruptcy Court's characterizations of these allegations – which form the basis of the entire adversary lawsuit against Katz, McMillan and Shearer – to be "clearly erroneous." Accordingly, this Court may not disturb those findings.

**B. The Legal Conclusions Reached by the Bankruptcy Court**

As noted above in the "Standard of Review" subsection, this Court exercises plenary, or *de novo*, review over any legal conclusions reached by the Bankruptcy Court. *In re Ruitenberg*, 745 F.3d 647, 650 (3d Cir. 2014); *see also Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). If the Bankruptcy Court's decision is a mixed question of law and fact, this Court must break down the determination and apply the appropriate standard of review to each. *In re Montgomery Ward Holding Corp.*, 326 F.3d 383, 387 (3d Cir. 2003). The Court should "apply a clearly erroneous standard to integral facts, but exercise plenary review of the court's interpretation and application of those facts to legal precepts." *In re Nortel Networks, Inc.*, 669 F.3d 128, 137 (3d Cir. 2011) (citation omitted).

Turning to this case, and having already concluded that the factual determinations reached by the Bankruptcy Court were not clearly erroneous, this Court now examines how the Bankruptcy Court applied the law – specifically, that of Rule 12(b)(6) and the relevant case law interpreting Rule 12(b)(6) – to those facts.

The Bankruptcy Court noted that all inferences had to be drawn in favor of the non-moving party, in this case, Reinert. Bankruptcy docket no. 14-02204-JAD, doc. no. 60, p. 12. In so noting, the Bankruptcy Court also held that it would analyze Reinert's allegations under a "relaxed pleading standard" accorded to *pro se* litigants. Id. However, the Bankruptcy Court

9

correctly cited to case law which prohibited it from accepting as true any legal conclusions, bald assertions, or conclusions contradicted by the Complaint's exhibits or other documents of which the Court could take proper notice. Id. The Court also indicated it was not required to "assume the role of advocate on behalf of Mr. Reinert." Id.

The Bankruptcy Court's analysis of the case law governing a 12(b)(6) Motion is entirely consistent with this Court's own application of the law. This Court has consistently cited to much of the same case law when deciding a Rule 12(b)(6) Motion.

This Court, when considering a Rule 12(b)(6) Motion, begins it analysis by noting that all Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. This Court also notes that Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims

10

are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

No Federal Court – including Bankruptcy Courts – may dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

As stated above, this Court's independent review of the Second Amended Complaint finds that it contains much in the way of legal conclusions and innumerable bald assertions. Even giving leniency to Reinert, because he was acting *pro se*, and construing the few facts in a light most favorable to Reinert, this Court also finds that there is no cognizable claim raised by Reinert for which the Bankruptcy Court could have granted him relief. Accordingly, this Court finds that the Bankruptcy Court properly dismissed Reinert's Second Amended Complaint.

This Court also concurs with the Bankruptcy Court's decision to dismiss the Second Amended Complaint with prejudice. As noted by the Bankruptcy Court, a fair reading of Reinert's Second Amended Complaint is that his bankruptcy estate as well as the bankruptcy estates of the companies/entities which he owned or controlled were allegedly harmed by Katz,

11

McMillan, and Shearer. Even if Reinert had pled a cognizable claim to this extent – which he did not – those claim(s) would belong to the bankruptcy estate, and not Mr. Reinert. In sum, the relief that Reinert hoped to achieve by filing this lawsuit, is not his to obtain; rather, if a viable claim did exist it would belong to the bankruptcy estate(s), not Reinert.[4] Accordingly, his Second Amended Complaint was properly dismissed with prejudice.

### C. The Bankruptcy Court's Exercise of Discretion

Finally, this Court reviews a bankruptcy court's exercise of discretion for abuse. *In re Friedman's Inc.*, 738 F.3d 547, 552 (3d Cir. 2013). A bankruptcy court abuses its discretion when its ruling rests upon an error of law or a misapplication of law to the facts. *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

Because this Court concurs with the Bankruptcy Court's interpretation of the Second Amended Complaint, as well as its application of the relevant law to that Complaint upon the filing of the Motion to Dismiss, this Court finds that the Bankruptcy Court did not abuse its discretion. No error of law or misapplication of the law to the facts is present in the Bankruptcy Court's Opinion in support of its Order dismissing Reinert's case with prejudice.

---

[4] Moreover, Reinert's attempt to bring this lawsuit violates the automatic stay set forth in 11 U.S.C. § 362(a)(3) as he lacks the requisite standing to bring such a lawsuit.

**IV. Conclusion**

Reinert's appeal will be dismissed, and the March 12, 2015 Order of the Bankruptcy Court dismissing Reinert's case with prejudice will be upheld.  The Court bases this Conclusion on the analysis set forth above as well as on the in-depth and detailed analysis conducted by the Bankruptcy Court  as set forth in its Opinion at document no. 60 in bankruptcy case no. 14-02204-JAD.  An appropriate Order shall follow.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:     All Registered ECF Counsel and Parties